Scott, J.
The. action below was brought to recover of the ■defendants, as sureties in a bond executed by them and their principal, James G. Scott, to secure the faithful administration by the said James, of the estate of his father, Nehemiah 'Scott, of whose last will and testament he duly became executor.
The claim of the plaintiff was, that the condition of this bond had been broken by maladministration on the part of the ■executor, in failing to pay over to the plaintiff a share of certain ■trust funds, which equitably belonged to him, and which had *198 come into the hands of the said James, as such executor, and with full knowledge of plaintiff’s ownership thereof.
The defendants being sureties, their liabilities can not be extended beyond the terms of the bond which evidences their contract. And this bond contains no allusion to property other than the goods, chattels and credits of Nehemiah Scott-For the administration according to. law and the will of Nehemiah Scott of such goods, chattels and credits only, as belonged to his estate, did these defendants become bound.
Did, then, the bonds which are claimed to have been collected by James Gr. Scott, as executor, belong, in any substantial sense, to his testator, at the time of his death? Were they goods, chattels, or credits of the testator, which it became the duty of his executor to administer ? We think they are shown not to have been assets of the e'state. The testator was, in respect to them, a mere trustee, who had faithfully fulfilled his trust up to the time of his death. The whole beneficial interest in them was in the heirs of William Moore, and their assignees; and neither creditors, heirs nor legatees of the testator could assert a claim to them or their proceeds.
If it be claimed that Nehemiah Scott received these bonds, as the administrator of William Moore’s estate, and that they were assets of that estate, then, clearly, the executor of Nehemiah could not, as such, succeed to and carry on the former administration. The duty of completing that administration, devolved upon the co-administrator, John Moore, who survived Nehemiah Scott.
But these bonds were not received by Nehemiah Scott in the discharge of his duties as administrator. They represented a part of the value of lands, which, upon the death of William Moore, descended to his heirs, subject to his widow’s right of dower. And they came into his hands not by virtue of any power conferred or duty imposed'upon him as administrator,, either by the provisions of the statute, or the order of the court, but by virtue of the consent and agreement of the widow and heirs on the one hand, and the purchasers on the other.. Nehemiah Scott thus became a trustee fpr the widow and heirs of' William Moore; constituted such by their own agreement;and *199 Ms duty as such trustee was to collect and pay to the widow, annually, the interest stipulated to be paid, during her life; and upon her decease, to collect and pay over to the heirs or their representatives their respective shares of the principal.
In this arrangement his co-administrator seems to have had no agency; and as it did not fall within the scope of his duties as administrator, Ms demurrer to the bill, filed originally against him in 1845, was properly sustained by the court. Nehemiah Scott being, then, the sole trustee, and having been constituted such by the act of the parties in interest, grounded on their personal confidence in Mm, his death terminated the trust. And as no default is imputed to Mm in the discharge of the duties of his trust, no claim existed against his estate in favor of the beneficiaries at the time of his death. It does-not appear that he survived the widow of William Moore, or that the principal of the bonds became due in his lifetime. Upon his death it was entirely competent for the beneficiaries of the trust to have procured the appointment of another trustee, or if this were rendered unnecessary by the death of the widow Moore, and the consequent maturity of the bonds, then to have demanded the bonds of James Gr. Scott, into whose possession they came upon his father’s death, and to have collected the same by suit in chancery, if necessary, for their own use.
Instead of doing so, they appear to have acquiesced in the collection of the bonds by James Gr. Scott, and to have made no attempt to call him to account until many years after the final settlement of his accounts as executor. In collecting these funds with full knowledge of their trust character, and with the acquiescence of the beneficiaries, he must be regarded as acting in the character of their trustee, and not as the executor of his father’s will, which did not purport to make any disposition whatever of the bonds or their proceeds. Having collected the bonds, James Gr. Scott is, no doubt, liable to account to the plaintiff for his share of the proceeds; but we think it equally clear, that as the trust funds so collected were not assets of the estate of Ms testator, his default *200 as trustee, is not chargable to his sureties in the administration bond.
Judgment of the district court affirmed.
Peck, C.J., and Brinkerhoee, Ranney and Wilder, JJ., concurred.